**UNITED STATES of America,**
**Plaintiff,**

v.

**Carlos APONTE–SOBRADO,**
**Defendant.**

**Criminal No. 09–228 (FAB).**

United States District Court,
D. Puerto Rico.

June 21, 2011.

Laura Maldonado–Rodriguez, Laura Maldonado Law Office, John R. Martin, Martin Brother PC, Christopher Adams, Atlanta, GA, Hector A. Deliz, William D. Matthewman, Seiden, Alder & Matthewman, Lydia Lizarribar–Bux, Lizarribar Masini Law Office, Jose R. Aguayo, Jose R. Aguayo, Law Office, Francisco M. Dolz–Sanchez, Francisco M. Dolz Law Office, Juan J. Hernandez–Lopez–de–V, Hernandez Lopez de Victoria Law Office, Carlos A. Vazquez–Alvarez, Lorenzo J. Palomares–Starbuck, Lorenzo Palomares PSC, Elfrick Mendez–Morales Mendez & Mendez, Victor P. Miranda–Corrada, Jorge E. Vega–Pacheco, Jorge E. Vega, Pacheco Law Office, Rio Piedras, PR, Juan F. Matos–De–Juan, Guaynabo, PR, Steven Potolsky, Steven M. Potolsky, PA, Joseph Laws, Yasmin A. Irizarry, Federal Public Defender's Office, Hato Rey, PR, San Juan, PR, Francisco Acevedo–Padilla, Francisco Acevedo–Padilla Law Office, Guaynabo, PR, for Defendant.

Antonio R. Bazan–Gonzalez, United States Attorneys Office, District of Puerto Rico, Jose A. Contreras, United States Attorneys Office, District of Puerto Rico, Julie B. Mosley, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On June 8, 2011, defendant Carlos Aponte–Sobrado ("Aponte") filed a *pro se* motion to suppress a co-defendant's statements to the FBI and a photo lineup identification of defendant. (Docket No. 513.) On June 19, 2011, the government opposed the motion. (Docket No. 532.) For the reasons described below, the Court **DENIES** defendant Aponte's motion to suppress.

## DISCUSSION

Defendant Aponte seeks to suppress statements made by co-defendant Noel Rosario–Colon ("Rosario–Colon") to the FBI on 11/3/2008 and Rosario–Colon's photo lineup identification of defendant Aponte for being impermissibly "suggestive and unreliable." (Docket No. 513 at 1–2.) The government alleges, in its opposition, that defendant's *pro se* motion is both untimely and procedurally deficient, because defendant Aponte, represented by counsel, failed to procure his attorney's signature on his motion in violation of Local Rule 11. (Docket No. 532 at 2.) The government also alleges that defendant Aponte's motion to suppress should be denied on substantive grounds because the relief sought is improper and "illogical". *Id.* at 3. The Court declines to review the government's procedural arguments against defendant Aponte's motion and solely addresses the substantive merits of the motion to suppress.

### A. Prior Statements

■ Defendant Aponte's argument regarding suppression of Rosario–Colon's

prior statement to the FBI lacks thoughtful analysis or reference to appropriate legal authority. In his motion to suppress, defendant notes that "[a] pre trial admission of one codefendant may not be admitted against the others [sic] defendant unless the confessing codefendant takes the stand." (Docket No. 513 at 2 (citing *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965))). As the government correctly notes, however, Rosario–Colon's prior statements are potential impeachment material, governed by Rule 613(b) of the Federal Rules of Evidence. (Docket NO. 532 at 2.) The admissibility of those statements is dependent on whether Rosario–Colon testifies at trial, but in any case, the statements themselves do not "provide a basis for precluding codefendant Rosario–Colon from testifying at trial." (Docket No. 532 at 2.) Thus, defendant Aponte's motion to suppress Rosario–Colon's prior statements to the FBI is **DENIED.**

**B. Pre-trial Identification**

   Defendant Aponte next argues that Rosario–Colon's photo identification of defendant should be excluded. The First Circuit Court of Appeals has adopted the two-pronged test fashioned by the Supreme Court in *Simmons v. United States* to determine whether an individual's pretrial identification of a defendant should be excluded. *United States v. Maguire,* 918 F.2d 254, 263 (1st Cir.1990) (citing *Simmons,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)); *see also United States v. Bouthot,* 878 F.2d 1506, 1514 (1st Cir.1989). The test's first prong requires a "determination of whether the identification procedure was impermissibly suggestive." *Maguire,* 918 F.2d at 263. "Suggestivity in photo identification becomes impermissible only if it induces a 'very substantial likelihood of irreparable misidentification.'" *Id.* at 264 (quoting *Simmons,* 390 U.S. at 384, 88 S.Ct. 967.) If

the first prong is met, the Court must inquire into "the reliability of the identification based on the totality of the circumstances according to a five-point index delineated in *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)...." *Id.*

Defendant Aponte argues that Rosario–Colon's identification of him in a photograph spread contradicts statements made by Rosario–Colon against defendant Aponte and contradicts the actions of other co-defendants who allegedly participated in the commission of the crime, all of whom were unable to identify him positively as one of the men at the scene of the crime. (Docket No. 513 at 1.) Defendant makes no argument regarding the "suggestiveness" of the identification procedure by which Rosario–Colon identified him. His arguments are directed more at the credibility of Rosario–Colon and the reliability of the identification, issues that are best addressed through cross-examination during trial. *See Maguire,* 918 F.2d at 264 (noting that cases of "minimal suggestivity" in pre-trial identification "may be cured at trial" because "[c]ross-examination before a jury can establish reliability of identification.") Because Aponte fails to meet the first prong of the test, "the court need proceed no further in its inquiry." *Id.* at 263. Thus, defendant Aponte's motion to suppress Rosario–Colon's pre-trial identification is **DENIED.**

**CONCLUSION**

For the reasons discussed above, defendant Aponte's motion to suppress is **DENIED.**

**IT IS SO ORDERED.**